IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RALPH MERRILL,<br><br>      Appellant,<br><br>v.<br><br>VECTOR AMRS, CORP.,<br><br>      Appellee. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00896-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This case was referred to the court under 28 U.S.C. 636(b)(1)(B). (ECF No. 6.) Appellant Ralph Merrill ("Appellant") appeals an order of the bankruptcy court entered in Appellee Vector Arms, Corp.'s ("Debtor"), Chapter 11 bankruptcy proceeding that imposed sanctions against Appellant. The bankruptcy court's order imposing sanctions is a final order and thus this court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). *See In re Armstrong*, 304 B.R. 432, 434 (B.A.P. 10th Cir. 2004) (citing *In re Skinner*, 917 F.2d 444 (10th Cir. 1990)). This case has a relatively long and complex history as laid out in the order from which Mr. Merrill appeals. (ECF No. 1, Ex. 1.) This history includes not only the bankruptcy action, but related litigation in the State of Utah's Second District Court. The appeal itself, on the other hand, has a short history. Appellant never filed his opening brief and both parties have now filed motions to dismiss the case. (ECF Nos. 10, 14.) In addition to dismissal, Debtor seeks an award of costs and attorney fees. (ECF No. 10.) For the reasons below, the court will recommend that the District Court dismiss this appeal and award Debtor its costs, but not attorney fees.

## II. ANALYSIS

### a. The District Court should dismiss this appeal and order Appellant to pay Debtor's costs on appeal

Appellant and Debtor agree that this appeal should be dismissed with prejudice. (*See* ECF No. 10 (seeking dismissal of the appeal with prejudice); ECF No. 14 ("The Appellant has no objection to the dismissal of the Appeal . . . .").) Additionally, as Debtor points out, Rule 8021 provides that "if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise." Fed. R. Bankr. P. 8021(a)(1). There is no indication that the parties reached an agreement regarding taxation of costs. Accordingly, the court will recommend that the District Court dismiss the appeal with prejudice and award Debtor its costs pursuant to Rule 8021.

### b. The District Court should decline to award attorney fees to Debtor

Debtor also argues that it is entitled to an award of attorney fees and double its costs because the appeal was frivolous and constituted a further contemptuous violation of the Bankruptcy Code's automatic stay provision. (ECF No. 10.) Debtor argues the appeal is frivolous because it is "indisputably meritless." (*Id.*) Debtor also contends that this appeal is simply the latest attack in what it describes as Appellant's "war of attrition" against Debtor, causing it to unnecessarily expend attorney fees. (*Id.*)

Appellant's pro se opposition, interpreted liberally, appears to argue that the appeal has merit because Appellant believes his complaint filed in the State of Utah's Second District Court did not violate the stay because it did not name the debtor as a defendant. (ECF No. 14.) Appellant also makes a number of statements regarding the state court and bankruptcy litigation; though these statements are not entirely accurate, as Debtor points out in reply. (*See id.*; ECT No. 15.)

"There is no established formulation of "frivolity" for purposes of Rule 8020, but . . . an appeal is frivolous pursuant to Rule 8020 'if the result is obvious or the arguments are wholly

2

without merit.'" *In re Murray*, 506 B.R. 129, 141 (B.A.P. 10th Cir.), *aff'd*, 586 F. App'x 477 (10th Cir. 2014). Further, "an appeal may be deemed frivolous even if the underlying issues are genuinely appealable, but the manner in which the appeal is litigated is frivolous." *Id.* Factors the court considers include: "an appellant's bad faith, whether the argument presented on appeal is meritless in toto or only partially frivolous, whether the appellant's argument cogently addresses the issues on appeal, fails to cite any authority, cites inapplicable authority, makes unsubstantiated factual assertions or bare legal conclusions, or misrepresents the record." *Id.* Additionally, bankruptcy courts may exercise civil contempt powers pursuant to Subection 105(a) of the Bankruptcy Code to ensure compliance with court orders or to compensate a party for losses caused by a contemnor's refusal to comply with court orders. *See In re C.W. Min. Co.*, 477 B.R. 176, 194 (10th Cir. BAP 2012).

Here, Debtor cites no case in which a court imposed sanctions before an appellant filed an opening brief. The court does not find that this case presents a proper context in which to impose sanctions for the mere filing of an appeal. Appellant's notice of appeal does not appear frivolous on its face. Indeed, the document does not contain any argument, let alone a frivolous argument. Additionally, Appellant's motion explains that he believes the Bankruptcy Court erred by concluding Appellant violated the stay because he amended the state lawsuit to omit Debtor as a party. (ECF No. 14 at 1.) In other words, Appellant did not violate the stay because he did not sue Debtor. This proffered argument does not appear frivolous. Debtor does not explain how it might be frivolous. Instead, Debtor states that Appellant "provides no other argument in support of his contention that the Bankruptcy Court erred." (ECF no. 15 at 4.) Debtor's contention appears to result from a restrictive reading of Appellant's brief. The court is not permitted to read the motion so narrowly. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Next, Debtor addresses several "factual inaccuracies" it asserts are contained in Appellant's motion to dismiss. The court agrees that several statements in the motion appear incorrect, but this appears to be the result of Appellant's pro se status. The court is unwilling to impose sanctions against a pro se Appellant for apparently misunderstanding the legal process.

Finally, even assuming the appeal lacked merit, the court believes it is somewhat unjust, or at least unwise, to award attorney fees against a pro se Appellant who thought better of his appeal and sought to voluntarily dismiss it before filing his opening brief. Perhaps the decision to dismiss was the result of further research or reflection. Or perhaps it was a response to Appellant's motion to dismiss. In any event, rather than file any potentially-frivolous brief on appeal, Appellant sought to dismiss this action. Whatever the motive behind Appellant seeking dismissal here, the court prefers to encourage early voluntary termination of actions that the proponent believes will not be fruitful. Awarding attorney fees in this situation may dissuade Appellant and others from requesting voluntary dismissals in the future. This could encourage parties to advance arguments they otherwise might have abandoned, in an effort to avoid an award of attorney fees for a "frivolous" appeal.

For the reasons stated above, the court does not find that the appeal is frivolous. For the same reasons, the court likewise does not find contempt sanctions warranted under 11 U.S.C. § 105(a). Imposing contempt sanctions for the mere act of a pro se litigant filing an appeal, is unduly harsh in the present circumstances.

### III. RECOMMENDATION

For the reasons analyzed above, the court **RECOMMENDS** the District Court **DISMISS** this appeal with prejudice. (ECF Nos. 10, 14.)

The court **FURTHER RECOMMENDS** the District Court award Debtor's request for costs expended on appeal. (ECF No. 10.)

The court **FURTHER RECOMMENDS** the District Court **DENY** Debtor's request for double costs and attorney fees. (ECF No. 10.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 15th day of July 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge